UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANITA COLETTE BROWN,

    Plaintiff,

v.                                          CASE NO. 8:15-cv-1968-T-23EAJ

FRED WARNIKIE and
JUDGE DIANA MORLAND,

    Defendants.
    _____/

**O R D E R**

Brown's complaint alleges that the defendants violated his civil rights by discriminating against him based on his race. Brown moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Brown's *pro se* complaint lacks merit.

Brown alleges that Fred Warnikie (his appointed defense counsel) and Judge Diana Morland (a state court judge) discriminated against him based on his race because he witnessed defendants who are not African-Americans receive a more lenient sentence. The relief Brown requests is modification of his state sentence. Brown fails to state a claim that he can pursue in a civil rights action.

When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor challenges the duration of confinement. Brown has no Section 1983 claim unless he first prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable

to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90.

Consequently, Brown fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487. This dismissal is without prejudice to Brown's re-filing a Section 1983 complaint if the conviction is invalidated.

Accordingly, this case is **DISMISSED** without prejudice because the complaint is premature as a matter of law. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot. The clerk must enter a judgment against Brown and close this case.

ORDERED in Tampa, Florida, on August 26, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE